IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Paula K. Goldwyn,

    Plaintiff,

vs.                      Case No. 12-4099-JTM

Patrick R. Donahoe, Postmaster General,

    Defendant.


MEMORANDUM AND ORDER

On March 18, 2013, the court granted the Motion to Dismiss of the defendant Postmaster General, both for good cause shown and based upon plaintiff's lack of response to the motion. This matter is before the court on the plaintiff's Motion for Extension of Time. Under her motion, plaintiff seeks leave for additional time under Fed.R.App.P. 4(a)(5) in which to file a notice of appeal.

The court denied the plaintiff's Motion to Alter or Amend on May 16, 2013. As she notes in her motion, under Rule 4(a)(1)(B), her notice of appeal would therefore be due on July 15, 2013. On that day, she filed the instant motion, by which she asks that the court extend the time for filing a notice of appeal until August 14, 2013, pursuant to Rule 4(a)(5)(C). Absent the relief sought, given the timing of plaintiff's motion, a notice of appeal

will not be timely.

Where, as here, there is no allegation a delay is due to events outside the movant's control, the relatively heavier, "excusable neglect" standard of Rule 4(a)(5) applies, not the alternative "good cause" standard. *See Magraff v. Lowes HIW, Inc.*, 217 Fed.Appx. 735, 761 (10th Cir. 2007) (good cause standard applies where "the need for an extension results from forces outside the control of the movant"). The Advisory Committee Notes to the 2002 Amendments to Rule 4 make this plain:

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir.1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by *something that is not within the control of the movant*.

(Emphasis added).

In considering whether a motion under Rule 4(a)(5) has demonstrated excusable neglect, the court considers the danger of prejudice to the non-movant; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was in the reasonable control of the movant; and whether the movant acted in good faith. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Of these factors, the most important is the reason for the delay. *Pioneer Inv. Serv. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993)

The delay may be excusable if the circumstances are "'unique and extraordinary.'"

*Bishop*, 371 F.3d at 1207 (quoting *Gooch v. Skelly Oil*, 493 F.2d 366, 370 (10th Cir. 1974)). Inadvertence or mistake in construing the rules usually does not constitute excusable neglect. *See Magraff,* 217 Fed.Appx. at 761 (citing *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)). Excusable neglect exists if the delay "resulted from unique or extraordinary circumstances, rather than the acts of the Appellant." *Makin v. Department of Corrections*, No. 93-1237, 1993 WL 523205, *2 (10th Cir. 1993). Excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

Here, the only basis for the relief cited in plaintiff's motion is the observation that "she is inexperienced and ignorant of procedures in these matters; therefore additional time is needed in order to properly prepare her Notice of Appeal." (Dkt. 16, at ¶ 9). But as the Tenth Circuit has noted, a notice of appeal is in itself "a simple document to prepare." *Magraff*, 217 Fed.Appx. at 761. Further delay creates some prejudice to the defendant, which has had to participate in repeated litigation with the plaintiff. *See* Case No. 11-40046-KHV (D. Kan. 2012). While the plaintiff has apparently acted in good faith, her Motion for Extension was filed just as the time allotted for an appeal under Rule 4(a)(1)(B) was about to expire, and the delay was accordingly substantial. While plaintiff stresses her lack of legal experience, her present motion ably summarizes detailed portions of the relevant rules.

However, the plaintiff's complaint that she is ignorant of the requirements of the rules of civil procedure is simply insufficient to satisfy the requirements of Rule 4(a)(5). *See*

*Pioneer Inv. Serv. v. Brunswick Assoc.*, 507 U.S. 380, 392 (1993) ("ignorance of the rules" usually is not excusable neglect). *See also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (excusable neglect is not established simply by "lack of familiarity with federal procedure"). *Compare United States v. Andrews*, 790 F.2d 803, 807 (10th Cir. 1986) (excusable neglect existed on part of an unrepresented criminal defendant who was in intensive care unit of civilian hospital, and later in federal prison hospital, while "groggy and incoherent" due to his medication).

Thus, while "a party's *pro se* status may be considered in determining whether excusable neglect has been demonstrated, it does not in and of itself constitute an excuse for the litigant's non-compliance with procedural rules." *Alston v. Pafumi*, No. 3:09CV1978(CSH), 2012 WL 6093893, *2 (D. Conn. 2012) (denying relief under Rule 4(a)(5) grounded on nothing "[o]ther than Plaintiff's *pro se* status"). Thus, district courts have consistently refused to find excusable neglect based solely on a litigant's *pro se* status. *See J.D. ex rel. Davis v. Kanawha County Bd. of Educ'n*, 517 F.Supp.2d 822, 824 (S.D.W.Va. 2007) (no excusable neglect based on *pro se* litigant's lack of knowledge of federal rules); *McDonald v. Gonzales*, 2007 WL 1526414, *1 (N.D.N.Y. 2007) (absence of representation alone is insufficient basis for relief under Rule 4(a)(5)); *Straehle v. INA Life Insurance Co.*, No. CV-10-7180, 2005 WL 3388612, *3 (E.D.N.Y. 2005) (excusable neglect not shown by *pro se* litigant who presented "garden variety claim of ignorance of the law"); *Avery v. Hendricks*, No. 04-1481(DMC), 2006 WL 2627945, *3 (D.N.J. 2006) (refusing to grant relief based on *pro se* status alone, given simplicity of filing notice of appeal). *See also Cordell v. Pacific Indem.*, 335

Fed.Appx. 956, 960 (11th Cir. 2009) (no showing of excusable neglect by *pro se* appellants, as "even *pro se* pleadings must adhere to time requirements").

Relief under Rule 4(a)(5) is intended for extraordinary circumstances; granting the plaintiff's motion here would alter this standard by authorizing what would be essentially automatic relief under Rule 4(a)(5) for any *pro se* litigant. The court thus follows *Alston* and the other decisions cited herein, and finds that the plaintiff has failed to establish adequate grounds for the relief sought.

IT IS ACCORDINGLY ORDERED this 18th day of July, 2013, that the plaintiff's Motion for Extension (Dkt. 16) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE