IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Paula K. Goldwyn,

    Plaintiff,

vs.                       Case No. 12-4099-JTM

Patrick R. Donahoe, Postmaster General,

    Defendant.

MEMORANDUM AND ORDER

After plaintiff Paula K. Goldwyn failed to file any timely response to the Motion to Dismiss filed by Defendant Postmaster General Patrick Donahoe, the court granted the motion both for good cause and as an unopposed matter under D.Kan.R. 7.4. Goldwyn subsequently moved to alter or amend the judgment (Dkt. 13). Selectively quoting from the District Court's website information for *pro se* litigants, the Plaintiff suggested that she was somehow relieved from the need to respond to the Defendant's Motion to Dismiss. The website explicitly states that the materials "are provided for informational purposes only," and that *pro se* litigants should familiarize themselves with the Federal Rules of Civil Procedure, and that "[i]t is your responsibility to follow the Rules."

More substantively, Plaintiff has never, whether in her first Motion to Alter or

Amend or in any subsequent pleading, filed any response to the substantive issues raised by Defendant's Motion to Dismiss (Dkt. 6), including the untimeliness of the lawsuit itself (filed some 18 months after receiving her EEOC right to sue letter), the immunity of the governmental Defendant to the claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12010 *et seq.*, and the bar against claims for punitive damages against the United States. As the court noted in denying the Motion to Alter or Amend, the original Motion to Dismiss was granted both for a lack of timely response and for good cause shown. The court thus denied the first Motion to Alter or Amend on May 16, 2013 (Dkt. 15), finding that the motion was itself both untimely and without merit.

Goldwyn subsequently filed a Motion for Extension of Time under Fed.R.App.Pr. 4(a)(5) to file a notice of appeal. (Dkt. 16). The court denied this motion, finding that Goldwyn failed to meet the standard for relief by demonstrating the existence of excusable neglect. (Dkt. 18).

This matter is before the court on Plaintiff's Second Motion to Alter or Amend. (Dkt. 22). The Defendant contends that the Motion to Alter or Amend cannot be considered as under Fed.R.Civ.Pr. 59(e) because it is not actually directed at the original March 18, 2013 judgment, but is instead directed at the court's July 18, 2013 denial of the motion to extend. Because the subject order is not an appealable judgment, the Defendant argues, it is not subject to Rule 59(e), and should instead be viewed as a Motion for Reconsideration under D.Kan. Rule 7.3.

However, the Tenth Circuit has indicated that an order denying a motion to extend the time for filing a notice of appeal is itself an appealable final judgment. *Magraff v. Lowes*

*HIW, Inc.*, 217 Fed.Appx. 759, 760 (10th Cir. 2007) (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir.2004)). The court therefore considers the motion under Rule 59(e). First, the motion is denied as it was filed 29 days after the denial of the extension, and is therefore untimely. Second, and more importantly, a motion to alter or amend under Rule 59(e) may be granted only if the movant demonstrates an intervening change in the controlling law, the presence of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Id.*

Here, the court finds no error in its prior Order, as Goldwyn has failed to show the existence of excusable neglect justifying the relief sought. While she appears *pro se*, Goldwyn has demonstrated familiarity with the rules and procedures of the court. She has, however, also demonstrated consistently an unwillingness to comply with the requirements for timely pleading.

Considered alternatively as a Motion for Reconsideration, Plaintiff's current motion is denied as untimely. Rule 7.3 permits such a motion within 14 days of the date of the challenged order. Here, such a motion should have been filed by August 1, 2013. Even if timely filed, Plaintiff's motion would also be denied as without merit, as Plaintiff has failed to show either an intervening change in controlling law, new evidence, or the need to correct clear error or to prevent manifest injustice. *See, e.g., Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994); *Van Skiver v. United States*, 952

F.2d 1241, 1243 (10th Cir. 1991); *Phelps v. Hamilton*, 934 F. Supp. 373, 377 (D. Kan., 1996). In its prior Order, the court correctly found that the failure to show excusable neglect justified the denial of the motion to extend.

The court recognizes that trying to litigate *pro se* is sometimes difficult, and the rules are not always clear and easy to follow. In this instance, when getting to the essence of the case, Plaintiff failed to file the Complaint in a timely mater, which is fatal to her case from the outset. Nothing else which followed, even had she complied with the various deadlines, could have resuscitated her case.

IT IS ACCORDINGLY ORDERED this 16th day of September, 2013, that the Plaintiff's Motion to Alter or Amend (Dkt. 22) is denied.

<u>s/ J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE